**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| POWER THE FUTURE <br> 611 Pennsylvania Avenue, SE <br> Suite No. 183 <br> Washington, DC 20003 <br><br> Plaintiff, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY <br> 1200 Pennsylvania Avenue N.W. <br> Mail Code 2310A <br> Washington, DC 20460 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 25-cv-0001 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff POWER THE FUTURE ("PTF"), for its Complaint against Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. Plaintiff seeks all available statutory relief, including but not limited to declaratory, injunctive, and other relief, as well as an order directing the Defendant to immediately process and release agency records responsive to one FOIA request submitted by Plaintiff on November 13, 2024.

2. This action is filed following USEPA's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the request at issue.

3. USEPA's failure to comply with FOIA includes but is not limited to the agency's failure to, e.g., fulfill its obligation to make a "determination" on the request, its failure to respond to

Plaintiff's request, and its constructive or actual withholding of responsive information and/or documents in violation of Defendant's obligations.

## PARTIES

4. Plaintiff Power the Future is a non-profit organization incorporated in the State of Delaware dedicated to "disseminating research, sharing facts and truths, engaging at the local level and interacting with the media," specifically relating to energy and environmental public policy.

5. Defendant Environmental Protection Agency is a federal agency headquartered in Washington, DC, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

## PLAINTIFF'S FOIA REQUEST

9. On November 13, 2024, Plaintiff submitted a FOIA request to Defendant by the FOIA.gov internet portal seeking emails of three senior officials falling within certain other parameters for either content or outside correspondent, but generally focusing on the Agency's Methane Emissions Reduction Program.

10. To narrow the request, PTF also expressly excluded as non-responsive certain categories of mass-distributed or subscription emails, draft attachments, and publicly available information such as news items, 'clippings' compilations, etc.

11. On November 19, 2024, Defendant acknowledged the request and assigned it request number F-2025-01149.

12. On November 27, 2024, Defendant claimed an extension of ten extra working days on the grounds that the request required consultation with the White House.

13. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request, 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

14. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make *one* request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

15. USEPA owed Plaintiff a response to its request, including a "determination" on Plaintiff's request, no later than December 27, 2024.

16. Notwithstanding its legal obligation to do so, USEPA has provided no substantive response or "determination" with respect to the request for records.

17. USEPA is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response, in violation of its obligations under FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

18. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

19. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

20. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

21. Plaintiff is not required to further pursue administrative remedies.

22. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff was owed a determination on its request no later than November 27, 2024;

    b. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    c. USEPA's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy USEPA's obligations under FOIA;

    d. USEPA must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

23. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

24. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

25. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

26. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to USEPA's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

27. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

28. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

29. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Power the Future respectfully requests this Court:

5

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this 1st day of January, 2025,

POWER THE FUTURE
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livington, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

s/Christopher Horner
Christopher Horner, D.C. Bar No. 440107
Max Will, PLLC
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: Chris@CHornerLaw.com